F. Jay Rahimi, Esq. (SBN: 305286)
jay@jrahimilaw.com
**THE LAW OFFICES OF F. JAY RAHIMI**
5850 Canoga Ave. 4th Floor
Woodland Hills, CA 91367
Telephone: (818) 835-4005
Facsimile: (866) 543-4345


Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Samuel S. Liera

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL S. LIERA,<br><br>                   Plaintiff,<br>v.<br><br>US BANK (N.A.), AND EQUIFAX INFORMATION SERVICES, LLC,<br><br>            Defendants. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Further, United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

/ / /

3.  In addition, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCCRAA") to insure fairness, impartiality, and protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

4.  Samuel S. Liera, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of US Bank (N.A) and Equifax Information Services, LLC. ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

6.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.  Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

9.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"); ii) California's identity theft statutes, California Civil Code §§ 1798.92-1798.97; iii) the California Consumer Credit Reporting

Agencies Act ("CCCRAA"), California Civil Code § 1785 *et seq.*; and iv) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

11.    Plaintiff is a resident of Fullerton, Orange County, California.

12.    Each of the Defendants regularly operate within Orange County offering their services and/or reaching out to alleged debtors to collect on alleged debts.

13.    Defendant US Bank (N.A.) ("US Bank") regularly offers services and maintains physical storefronts in Orange County, and reports on Orange County resident's credit reports.

14.    Defendant Equifax Information Services, LLC ("Equifax") prepares consumer credit reports and provides them to residents of Orange County.

15.    Defendant US Bank was notified by Plaintiff that the alleged debts were the result of identity theft and not owed by Plaintiff.

16.    However, Defendant US Bank continues to attempt to collect these alleged debts not owed by Plaintiff from Plaintiff in Orange County.

17.    These services and collection efforts towards Plaintiff by Defendants in Orange County are the actions that give rise to the claim alleged and therefore venue is proper under California State law.

18.    At all times relevant, Defendants conducted business within the State of California.

19.    Because Defendants do business within the State of California, personal jurisdiction is established.

**PARTIES**

20.    Plaintiff is a natural person who resides in the City of Fullerton, State of California.

21.    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1681a(c).

22.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

23. Defendant US Bank is located in the City of St. Paul, in the State of Minnesota.

24. Defendant US Bank, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

25. Defendant US Bank is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

26. Defendant US Bank is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

27. Defendant Equifax, Inc. ("Equifax") is located in the City of Atlanta, Fulton County, State of Georgia, and regularly does business in California.

28. Defendant Equifax is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

29. Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

30. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

31. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate

representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS

32. Sometime before September 2015, Daniel Barrera willfully obtained Plaintiff's personal identifying information, and used information, such as Plaintiff's name, social security number, and address, to fraudulently take out multiple loans and open lines of credit and credit cards with US Bank, and other entities.

33. Daniel Barrera was a US Bank employee at the time that he fraudulently obtained all of these loans, lines of credit, and credit cards in Plaintiff's name.

34. As a result of this identity theft, Plaintiff is alleged to have incurred certain financial obligations to US Bank for these loans and various other forms of credit.

35. These alleged financial obligations include:

    1.  US Bank Loan, Account Number Ending in 2658.
    2.  US Bank Quick Loan, Account number Ending in 8284.
    3.  US Bank Credit Card, Account Number Ending in 5258
    4.  US Bank Credit Card, Account Number Ending in 0359
    5.  US Bank Credit Card, Account Number Ending in 0949
    6.  US Bank Reserve Line, Account Number Ending in 6967
    7.  US Bank Reserve Line, Account Number Ending in 3978
    8.  US Bank Reserve line, Account Number Ending in 6876
    9.  US Bank Checking Account, Account number Ending in 6876
    10. US Bank Checking Account, Account number Ending in 6967.

36. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another

person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

37. Sometime thereafter, but before May of 2016, Plaintiff allegedly fell behind in the payments allegedly owed on these alleged debts.

38. Sometime before may 12, 2016, Plaintiff was made aware of these fraudulent accounts.

**DEFENDANT US BANK'S VIOLATIONS OF THE ROSENTHAL ACT**

39. After becoming aware of these fraudulent accounts, Plaintiff quickly discovered that former US Bank employee, Daniel Barrera, had fraudulently obtained multiple loans and lines of credit in Plaintiff's name.

40. On or about May 14, 2016, Plaintiff appeared personally at US Bank's Santa Ana Branch to inquire about a loan obtained in his name.

41. On or about May 14, 2016, Plaintiff discovered multiple US Bank loans, reserve lines, and credit cards had been fraudulently opened in his name, including:

   1. US Bank Loan, Account Number Ending in 2658.
   2. US Bank Quick Loan, Account number Ending in 8284.
   3. US Bank Credit Card, Account Number Ending in 5258
   4. US Bank Credit Card, Account Number Ending in 0359
   5. US Bank Reserve Line, Account Number Ending in 6967
   6. US Bank Reserve Line, Account Number Ending in 3978
   7. US Bank Reserve line, Account number Ending in 6876

42. The accounts listed in Paragraph 41 above shall be hereinafter collectively referred to as the "US Bank Fraud Accounts."

/ / /

/ / /

/ / /

/ / /

43. Further, on or about May 14, 2016, while at Defendant US Bank's Santa Ana branch, Plaintiff discovered that some of his preexisting checking accounts and a credit card, had been fraudulently tampered with, including:

    1. US Bank Checking Account, Account number Ending in 6876
    2. US Bank Checking Account, Account number Ending in 6967
    3. US Bank Credit Card, Account Number Ending in 0949

44. The accounts listed in paragraphs 41 and 43 shall be hereinafter collectively referred to as the "US Bank Accounts."

45. On or about May 14, 2016, while at US Bank's Santa Ana branch, Plaintiff told Defendant US Bank that none of the US Bank Fraud Accounts belonged to him, and that the other three accounts listed in paragraph 44 had been tampered with by US Bank Employee Daniel Barrera.

46. Plaintiff vehemently maintains he never opened any of the Fraudulent US Bank Accounts.

47. On May 27, 2016, Plaintiff filed the a Police Report.

48. On June 22, 2016, Plaintiff sent Defendant US Bank a letter that explained that all of these US Bank Fraud Account debts were the result of fraud and identity theft, via certified US Mail.

49. This June 22, 2016 letter included a copy of the Police Report.

50. On or about July 26, 2016, attorney David Calderon, sent a letter on behalf of Plaintiff to Defendant US Bank's Fraud Service Center (the "July 26 Letter").

51. This July 26 Letter stated that the US Bank Accounts did not belong to Plaintiff or were not his obligation and are disputed, requested Defendant US Bank cease all collection efforts, and directed Defendant US Bank to contact Mr. Calderon directly if Defendant US Bank wished to discuss the matter further.

/ / /

52.  Despite the July 26 Letter, notifying Defendant US Bank of Plaintiff's representation by Mr. Calderon, Defendant US Bank continued to call Plaintiff directly a total of 232 times between July 27, 2016 and January 20**,** 2017, in an attempt to collect the alleged US Bank Account debts.

53.  During many of these phone calls Plaintiff requested Defendant US Bank stop contacting him and restated that the US Bank Fraud Accounts did not belong to him.

54.  These 232 telephone calls were "communication[s]" as defined by 15 U.S.C. § 1692a(2) because they conveyed information regarding a debt directly to a person, the Plaintiff.

55.  These 232 telephone calls were "debt collection[s]" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

56.  Through this conduct, Defendant US Bank initiated communications, other than statements of account, with the debtor 232 separate times with regard to the consumer debt, when the debt collector, Defendant US Bank, had been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice included the attorney's name and address. Consequently, Defendant US Bank violated Cal. Civ. Code § 1788.14(c).

57.  Through this conduct, without the prior consent of the Plaintiff-consumer given directly to Defendant US Bank or the express permission of a court of competent jurisdiction, Defendant US Bank communicated with the consumer 232 separate times in connection with the collection of a debt when Defendant US Bank knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant US Bank violated 15 U.S.C. § 1692c(a)(2).

/ / /

58. Through this conduct, Defendant US Bank violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and engaged Plaintiff in telephone conversation repeatedly and continuously with the intent to annoy, abuse, and harass the Plaintiff by calling Plaintiff repeatedly 232 times over a span of six months.

59. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

### DEFENDANT US BANK'S VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT STATUTES, CAL. CIV. CODE § 1798.92 *ET SEQ.*

60. Sometime during August 2016, Plaintiff sent a complete Identity Theft Victim's Complaint and Affidavit ("Fraud Affidavit"), to Defendant US Bank's Fraud Services Department.

61. Shortly thereafter, on August 15, 2016, Plaintiff received a call from "Shaqueta," a fraud analyst in Defendant US Bank's Fraud Prevention department, acknowledging receipt of the Fraud Affidavit and requesting a second form of identification.

62. Per Defendant US Bank's instructions, Plaintiff faxed over a copy of a second form of identification to Defendant US Bank.

63. Thereafter, sometime in September of 2016, Plaintiff personally delivered the Fraud Affidavit to Defendant US Bank's Santa Ana branch.

64. During this September 2016 visit to Defendant U.S. Bank's Santa Ana branch, Defendant US Bank physically, knowingly and voluntary took possession of Plaintiff's Fraud Affidavit and told Plaintiff that the Fraud Affidavit was being scanned and sent to Defendant US Bank's fraud services department.

65. The Fraud Affidavit listed all of the US Bank Accounts.

/ / /

66. Despite Defendant US Bank receiving the Police Report and Fraud Affidavit, Defendant US Bank continued to contact Plaintiff by telephone in attempts to collect the alleged debts owed on the US Bank Accounts.

67. Defendant US Bank contacted Plaintiff by telephone in attempts to collect the alleged debts owed on the US Bank accounts at least 80 separate times in August of 2016, 45 separate times in September of 2016, 76 separate times in October of 2016, 14 separate times in November of 2016 and once on January 20, 2017.

68. On or about November 19, 2016, Plaintiff sent two letters in reference to two US Bank Reserve Lines with Account Numbers ending in 6876 and 3978 (November 19 Letters) to Defendant US Bank's Credit Reporting Agency Management department via US Mail, certified, return receipt requested.

69. Based on information and belief, Plaintiff alleges Defendant US Bank received the November 19, 2016 letters on November 22, 2016.

70. On or about January 9, 2017, Plaintiff sent seven letters in reference to the seven US Bank Accounts ending in 2658, 8284 , 0359, 0949, 6876, 6967 and 5258,  (January 9 Letters) to Defendant US Bank's Credit Reporting Agency Management department via US Mail, certified, return receipt requested.

71. Despite receiving the November 19, 2016 Letters, Defendant US Bank again contacted Plaintiff in an attempt to collect an alleged debt owed on the US Bank Reserve Line with account number ending in 3978.

72. On or about January 20, 2017, Defendant US Bank called Plaintiff by phone.

73. During this January 20, 2017, telephone call, Defendant US Bank attempted to collect the alleged debt owed on the US Bank Reserve Line with account number ending in 6876.

74. Further, during this January 20, 2017, telephone call, Defendant US Bank told Plaintiff he must pay the alleged debt owed on the US Bank Reserve Line with account number ending in 6876 or else it would be sent to collections.

75. During this same January 20, 2017, telephone call Plaintiff told Defendant US Bank, just like he had told them countless times before, that this account was the result of identity theft and that Plaintiff was not responsible for this debt.

76. Through Plaintiff's November 19, 2016 letter, Plaintiff provided written notice to Defendant US Bank at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the facts, as required by Cal. Civ. Code § 1798.93(b)(6)(A).

77. Through Plaintiff's January 9, 2017 letter, Plaintiff provided written notice to Defendant US Bank at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the facts, as required by Cal. Civ. Code § 1798.93(b)(6)(A).

78. Thereafter, Defendant US Bank failed to diligently investigate Plaintiff's notification of possible identity theft, and continued to pursue its claim against Plaintiff after being presented with facts to demonstrate that the alleged debt was a result of identity theft, as defined by Cal. Penal Code § 530.5.

79. Defendant US Bank's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

**DEFENDANT US BANK'S VIOLATIONS OF THE CCCRAA**

80. Plaintiff repeats, re-alleges and incorporates all previous paragraphs contained in this Complaint as though fully stated herein.

81. Sometime during September of 2016, Plaintiff reviewed his Equifax credit report dated September 9, 2016, and his most recent TransUnion credit report.

/ / /

/ / /

82.  While reviewing his Equifax Credit Report, Plaintiff discovered US Bank had furnished negative, inaccurate information regarding certain US Bank Accounts ending in 5258, 0949, 6967, and 3978 to Defendant Equifax.

83.  This information is inaccurate because these US Bank Accounts ending in 5258, 0949, 6967, and 3978 were fraudulent and did not belong to Plaintiff.

84.  Defendant Equifax is a consumer credit reporting agency.

85.  Equifax is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

86.  On November 4, 2016, Plaintiff sent a dispute letter via certified US Mail to Defendant Equifax disputing the negative US Bank Account information that appeared on Plaintiff's September 9, 2016, Equifax credit report.

87.  On or about December 6, 2016, Plaintiff received the results of Defendant Equifax's reinvestigation of the disputes contained in Plaintiff's November 4, 2016 dispute letter.

88.  While reviewing these Equifax dispute reinvestigation results, Plaintiff discovered that Defendant US Bank was still reporting that Plaintiff owed money to Defendant US Bank on all of the accounts that were disputed in Plaintiff's November 4, 2016 dispute letter to Equifax.

89.  In December of 2016, Plaintiff reviewed his TransUnion credit report dated December 5, 2016.

90.  While reviewing his TransUnion Credit Report, Plaintiff discovered US Bank had furnished negative, inaccurate information regarding certain US Bank Accounts ending in 5258, 0949, 6967, and 3978 to TransUnion.

91.  This information is inaccurate because these US Bank Accounts ending in 5258, 0949, 6967, and 3978 were fraudulent and did not belong to Plaintiff.

92.  TransUnion is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

93.  TransUnion is a consumer credit reporting agency.

94. In December of 2016, Plaintiff reviewed his Experian credit report dated December 5, 2016.

95. While reviewing his Experian Credit Report, Plaintiff discovered US Bank had furnished negative, inaccurate information regarding certain US Bank Accounts ending in 5258, 0949, 6967, and 3978 to Experian.

96. Further, on or about January 9, 2017, Plaintiff sent three letters in reference to three of the US Bank Accounts with Account Numbers ending in 0949, 6967 and 5258, (January 9 Letters) to Defendant US Bank's Credit Reporting Agency Management department via US Mail, certified, return receipt requested.

97. These letters stated that these three accounts were opened without Plaintiff's consent.

98. Further these letters stated that these three accounts were fraudulently opened.

99. Lastly, these letters stated that these three accounts appear on Plaintiff's consumer credit report.

100. Defendant US Bank sent letters dated February 2, 2017 in response to these three letters ("February 2 Letters") stating that they will continue to furnish the inaccurate, negative information regarding these three accounts ending in 0949, 6967 and 5258 to Plaintiff's consumer credit report.

101. Experian is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

102. Experian is a consumer credit reporting agency.

103. This information is inaccurate because these US Bank Accounts ending in 5258, 0949, 6967, and 3978 were fraudulent and did not belong to Plaintiff.

104. Defendant US Bank violated CCCRAA § 1785.25(a) by furnishing information to consumer credit reporting agencies knowing the information was inaccurate.

///

105. Because Defendant US Bank is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant US Bank is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate., as required by Cal. Civ. Code § 1785.25(b). Defendant US Bank knew or should have known that Plaintiff's US Bank Account debts were the result of fraud and/or identity theft. Thus, Defendant US Bank violated Cal. Civ. Code § 1785.25(b).

106. Moreover, 15 U.S.C. § 1681(b)(1)(f) of the Fair Credit Reporting Act (FCRA) expressly exempts Cal. Civ Code § 1785.25(a) from the FCRA's general exclusion of State law claims. Thus, Plaintiff's CCCRAA claim is not preempted by the FCRA.

**DEFENDANTS US BANK AND EQUIFAX'S VIOLATIONS OF THE FCRA**

107. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs contained in this Complaint as though fully stated herein.

108. Accordingly, Defendant US Bank failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information, and failing to notate, as required, Plaintiff's dispute.

109. Upon information and belief, Defendant US Bank's investigation was unreasonable. More specifically, Defendant US Bank should have discovered from its records, including Plaintiff's formal dispute, that the information Defendant US Bank was reporting was inaccurate and patently misleading

because it suggested that the disputed US Bank Accounts ending in 5258, 0949, 6967, and 3978 belonged to, and were the responsibility of, Plaintiff.

110. Defendant US Bank failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

111. Due to Defendant US Bank's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

112. By inaccurately reporting account information after notice and confirmation of its errors, Defendant US Bank failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

113. Through this conduct Defendant US Bank maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff's dispute, which led as a direct result and consequence to the Defendant Equifax either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

114. Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

115. Through this conduct, Defendant Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

116. Plaintiff alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible

1   accuracy of Plaintiff's credit reports, concerning the account in question,
2   violating 15 U.S.C. § 1681e(b).

117. Plaintiff alleges that Defendant Equifax failed to conduct a proper and lawful reinvestigation.

118. All aforementioned actions taken by the Defendant Equifax were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and state law.

119. As a result of said inaccurate reporting, Plaintiff suffers, and continues to suffer, actual damages, including harm to her credit-worthiness, credit history, and credit scores.

120. Further, Plaintiff has suffered damages due to Defendants' unwillingness to acknowledge the invalidity of the alleged debts and Defendants' relentless attempts to wrongfully collect alleged debts from Plaintiff.

**CAUSES OF ACTION**

**COUNT I**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

**AGAINST DEFENDANT US BANK**

121. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

122. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

123. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### COUNT II

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (CCCRAA)

### (CAL. CIVIL CODE § 1785 *ET SEQ.*)

### AGAINST DEFENDANT US BANK

124. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

125. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of CCCRAA § 1785.25(a).

126. As a result of each and every violation of the CCCRAA, Plaintiff suffered denials of credit, worry, fear, distress, frustration, damage to reputation, embarrassment, humiliation, loss of economic opportunity and lost opportunity to obtain credit and is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

### COUNT III

### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

### AGAINST DEFENDANT US BANK

127. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

128. Plaintiff has proffered sufficient evidence to prove by a preponderance of evidence to establish that he was a victim of identity theft.

129. The foregoing acts and omissions constitute numerous and multiple violations of Cal. Civ. Code § 1798.92-1798.97.

130. As a result of each and every violation of Cal. Civ. Code § 1798.92-1798.97, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant for the Account pursuant to Cal. Civ. Code § 1798.93(c)(1), an injunction restraining Defendant from collecting on the Account Cal. Civ. Code § 1798.93(c)(3), actual damages, attorney's fees and costs and any equitable relief the court deems appropriate Cal. Civ. Code § 1798.93(c)(5), a civil penalty, in addition to other damages, in the amount of $30,000 Cal. Civ. Code § 1798.93(c)(6).

## COUNT IV

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§1681-1692X (FCRA)

### AS TO DEFENDANTS US BANK AND EQUIFAX

131. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

132. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

133. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

134. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendants, as follows:

**COUNT I**

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

**COUNT II**

- That there be Judgment in favor of Plaintiff and against Defendant for all reasonable damages sustained by Plaintiff, including but not limited to actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security and for punitive/exemplary damages, attorneys fees, court costs and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).

- An award of punitive damages of $5,000.00 pursuant to Cal. Civ. Code §1785.31(a)(2)(B).

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1785.31(d).

**COUNT III**

- A declaration that Plaintiff is not obligated to Defendant for the Account pursuant to Cal. Civ. Code § 1798.93(c)(1);

- • An injunction restraining Defendant from collecting or attempting to collect from Plaintiff on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Cal. Civ. Code § 1798.93(c)(3).

- • Actual damages, attorney's fees and costs and any equitable relief the court deems appropriate Cal. Civ. Code § 1798.93(c)(5); and

- • A civil penalty, in addition to any damages, of up to thirty thousand dollars ($30,000) as Plaintiff has proffered sufficient evidence to establish by clear and convincing evidence that:

    1. Plaintiff provided Defendant written notice that a situation of identity theft existed and explained the basis for that belief.

    2. Defendant failed to diligently investigate the Plaintiff's notification of identity theft.

    3. Defendant continued to pursue their claim against Plaintiff after Defendant was presented with facts that were later held to entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93

## COUNT IV

- • An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- • An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. §1681o(a)(2), against Defendants for each incident of negligent noncompliance of the FCRA;

- • An award of actual damages to be determined at trial, or damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C.

§1681n1(a) against Defendants for each incident of willful noncompliance of the FCRA;

• An award of punitive damages as the court may allow, pursuant to 15 U.S.C. §1681n(a)(2), against Defendants for each incident of willful noncompliance of the FCRA;

• An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. §1681n(a)(3), against Defendants for each incident of willful noncompliance of the FCRA;

• Any other relief that this Court deems just and proper.

### TRIAL BY JURY

135. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,                    THE LAW OFFICES OF F. JAY RAHIMI

Date: April 3, 2017                        By: s/ F. Jay Rahimi
                                           F. Jay Rahimi, Esq.
                                           Attorneys for Plaintiff